Smallberger *v.* Carroll, Appellant.

Argued November 1, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Jay B. Leopold,* for appellant.

*Albert H. Wernick,* for appellee.

Opinion by Cunningham, J., February 1, 1935:
Plaintiff, while riding as a guest in an automobile

owned and driven by defendant, was seriously injured when it collided with a trolley pole, erected just inside of the curb line on the west side of Wayne Avenue and a few feet south of Pastorius Street, in the City of Philadelphia. The result of her action of trespass was a verdict in her favor for $4,000, subsequently reduced by remittitur to $2,500, for which amount judgment was entered and this appeal by the defendant followed. No affidavit of defense was filed, nor was any evidence introduced in behalf of appellant. The alleged error specified in the assignments was the denial by the court below of his motion for judgment in his favor n. o. v., based upon his point for binding instructions. As frankly stated by counsel for appellant, the only question here involved is whether the testimony in behalf of plaintiff was sufficient to warrant the submission of the case to the jury.

The accident occurred about two o'clock in the morning, as plaintiff and appellant were returning from a party at a country club; the streets were dry and the weather clear. Wayne Avenue is a north and south street, 40 feet wide from curb to curb and carrying double street railway tracks; 480 feet south of Tulpehocken Street it is intersected from the east, but not crossed, by Pastorius, a narrow east and west street, 14 feet in width. Appellant was driving south on Wayne Avenue along its western curb, which is not intersected by any street between Tulpehocken and the point of the accident.

Appellant, when called by plaintiff as one of her own witnesses, stated he was driving at a speed of "about 25 or 30 miles an hour." The substance of plaintiff's testimony was that she was sitting beside appellant and, after they had passed Tulpehocken Street, she saw the reflection from the headlights of a car coming out of "a small street on their left." She did not know the name of the street but there is no doubt, under the testimony, that it was Pastorius. Her

original statement was that when she first saw the headlights of the car coming out of that street it was approximately 60 feet away from appellant's car; this distance was later modified to about 40 feet. The driver of the other car was not identified by any evidence in this case.

Her testimony continued: "Q. Then, did you see the automobile after you saw the lights? A. Yes, sir. Q. In what direction did that automobile go? A. It was going the same direction we were. Q. How far ahead of you was it when you saw it, how many feet in front of you was it? A. About 60 feet away I would say. Q. Then, what happened after that? A. Mr. Carroll turned the wheel and sort of got excited and that's all I remember. I don't know what happened after that, all I remember is seeing the car." She was rendered unconscious by the collision.

Portions of appellant's direct testimony read: "A. I had come down Washington Lane, and I turned west and was going south on Wayne Avenue when all of a sudden, or in an instant, I didn't see anything coming either way and then—I got down to I don't know the name of the street— Q. Pastorius Street? A. Yes— I don't know whether he came out of that street or not. I don't know where he came from until he was on top of me. ...... Q. You say you did not see the other automobile until it was almost on top of you? A. Right on top of me. Q. What do you mean by that? A. Well, about I would say about five or six feet or say something like that. ...... Q. Was he alongside of you or back of you or where was he? A. Cutting in front of me. ...... Q. How fast was he going? A. Well, he was going a little faster than I was. Q. Was he coming directly across the street or going at an angle to you? A. He was going sort of on an angle."

During cross-examination he testified: "Q. Were you opposite this little street or below it, or still above

it? A. I could not tell you that, because I did not know at the time there was a street there. Q. You didn't know there was any street there? A. It was so dark." He further stated that if he had not "pulled to [his] right" he would have hit the other car.

When the testimony is considered in the light most favorable to the plaintiff, as it must be, we think there was evidence from which a jury could reasonably find that if appellant had been driving with due care and exercising the vigilance required by the circumstances, he would have seen the car coming out of Pastorius Street in time to have avoided the accident, and that the sudden peril in which he says he was placed was attributable to his own prior negligence.

We adopt the following paragraphs from the opinion of ALESSANDRONI, J., written for the court below in support of its denial of appellant's motion for judgment n. o. v.:

"The case was one properly for the jury. Under the evidence presented the jury was justified in concluding that the defendant was negligent in failing to observe the vehicle approaching from his left and in failing to have his car under such control that he could have avoided the accident. It is difficult to understand why he did not see the car approaching at right angles to him until it was five or six feet from him. His failure to do so convicts him of such negligence as would justify a submission of the case to the jury.

"Defendant did not seriously argue that the plaintiff was guilty of contributory negligence and in view of the rapidity of events leading up to the accident, we feel that the jury was justified in concluding that the plaintiff was not guilty of contributory negligence. In fact, defendant has not seriously pressed this point."

Judgment affirmed.